## CIRCUIT COURT OF FAIRFAX COUNTY

Marconi Communications, Inc.

v.

LeBlanc & Royle
Enterprises, Inc., et al.

April 30, 1999

Case No. (Law) 169238

BY JUDGE HENRY E. HUDSON

This matter came before the Court on April 15, 1999, for argument on the Plaintiff's Motion for Expenses. Plaintiff argued that it was entitled to reimbursement for certain litigational expenses incurred in proving facts denied in bad faith by the Defendants in their response to Plaintiff's Request for Admissions. Specifically, Plaintiff contends that the Defendants denied virtually all of the design deficiencies for which Plaintiff sought admissions. The Plaintiff was consequently required to incur the expense of proving these deficiencies at trial.

The Defendants argued that there was a good faith basis for denying each of the Requests for Admissions in issue. Moreover, Defendants argued that based upon the general verdict returned by the jury, it is impossible to determine which, if any, design deficiencies the jury actually found to exist. Furthermore, according to the Defendants, even if proven, Plaintiff is unable to specify what specific costs were incurred in proving any particular deficiency.

Following argument on Plaintiff's motion, the Court reviewed its extensive trial notes, as well as all relevant pleadings, transcripts, and exhibits.

Each of the design deficiencies in question was the subject of extensive expert testimony at trial. It is difficult to determine whether the Defendants had a good-faith basis on November 13, 1998, for denying the request in question.

The Court therefore cannot conclude that the Defendants did not have a reasonable belief at that time that they would prevail on that issue at trial.

The Court is also unable to determine from the jury's general verdict what specific deficiencies they found in the towers. Absent such a finding, it is difficult for the Court to quantify the expenses, if any, to which the Plaintiff is entitled. This is further compounded by Plaintiff's inability to determine, with any degree of certainty, what portion of their legal expenses are attributed to proof of any specific denied admission.

Therefore, the Court denies Plaintiff's Motion for Expenses.